E-FILED - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7494-GHK (JCx) | Date | February 4, 2014 |
|---|---|---|---|
| Title | *Ithiel Navarro v. Ocwen Loan Servicing, LLC* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order Remanding Case

      On November 13, 2013, we ordered Defendant to show cause why the above-captioned matter should not be remanded to state court for lack of subject matter jurisdiction. Defendant's Notice of Removal ("NOR") asserts that we have subject matter jurisdiction under 28 U.S.C. § 1332 based upon diversity of citizenship because: (1) Plaintiff is a California citizen and Defendant is a citizen of Florida and Georgia, NOR 2-3; and (2) the amount in controversy exceeds $75,000 because "Plaintiff seeks declaratory relief cancelling the completed trustee's sale," and the value of the property loan was $244,000, NOR 3. In our Order we noted that, although the complete diversity requirement appears to be satisfied, "it is unclear whether the amount in controversy requirement is met." Defendant timely filed a response to our OSC. In its Response, Defendant again asserts that the amount in controversy requirement is satisfied because Plaintiff's Complaint seeks declaratory and injunctive relief, which implicates the amount of the underlying property loan.

      In cases based upon removal jurisdiction, the removing party bears the burden of establishing the existence of federal subject matter jurisdiction, and if there is any doubt as to whether removal was proper, remand is required. 28 U.S.C. § 1447(c); *Duncan v. Stuetzie*, 76 F.3d 1480, 1485 (9th Cir. 1996). "Jurisdiction founded on 28 U.S.C. § 1332 requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In removal cases where the amount in controversy is in doubt, the removing defendant must overcome a "strong presumption" that the plaintiff has not claimed an amount in excess of $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the amount in controversy is not clear from the face of the complaint, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Sanchez v. Monumental Life. Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Under this burden, the defendant must show that it is "more likely than not" that the plaintiff's claim exceeds the $75,000 minimum. *Id.*

      In actions seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). As Defendant argues in its NOR,

E-FILED - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7494-GHK (JCx) | Date | February 4, 2014 |
|---|---|---|---|
| Title | *Ithiel Navarro v. Ocwen Loan Servicing, LLC* | | |

"[i]f the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010); *see also Zepeda v. U.S. Bank, N.A.*, 2011 WL 4351801, at *3-4 (C.D. Cal. Sept. 16, 2011). This is true, "[e]ven if the property at issue has already been sold in foreclosure by the defendant . . . so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property." *Reyes*, 2010 WL 2629785, at *5.

Defendant's reliance on this line of cases is misplaced. In each of these cases, injunctive or declaratory relief against foreclosure was part of the relief sought. *See Zepeda*, 2011 WL 4351801, at *4 (Plaintiff undeniably requests both declaratory and injunctive relief in regards to Defendants' power of sale over Plaintiff's property."); *Kehoe v. Aurora Loan Servs. LLC*, 2010 WL 4286331, at *4 (D. Nev. Oct. 20, 2010) ("Plaintiffs are seeking to undo a non-judicial foreclosure sale."); *Reyes*, 2010 WL 2629785, at *5 ("Plaintiffs have requested an injunction to prevent Wells Fargo from 'transferring rights in the unlawfully foreclosed properties.'"). Unlike these cases, nowhere in the Complaint does Plaintiff ever specifically seek to cancel the trustee sale. *See Bradford v. Ocwen Loan Servicing, LLC*, 2010 WL 3852037, at *2 (D. Ariz. Sept. 29, 2010). Rather, Plaintiff only specifically requests damages. Compl. ¶¶ 31, 35.

Defendant bases our jurisdiction on the false premise that the catchall provision in Plaintiff's prayer for relief, which requests "such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the Court may deem just and proper," is enough to establish that Plaintiff seeks declaratory or injunctive relief to cancel the trustee sale. Reliance on this general statement is insufficient. It is wholly unclear as to what declaratory relief is sought or whether it is of the type that implicates the value of the property loan. Due to this ambiguity, Defendant has failed to carry its burden that the value of the property should be used to calculate the amount in controversy, especially since we resolve any doubt in our subject matter jurisdiction in favor of remand. *Duncan*, 76 F.3d at 1485. Defendant does not provide any other basis for meeting the amount in controversy requirement. Accordingly, this case is hereby **REMANDED** to the state court from which it was improvidently removed. In light of the foregoing, Defendant's Motion to Dismiss (Dkt. 3) is **DENIED** without prejudice to its renewal in state court.

**IT IS SO ORDERED.**

| | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |